UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-cv-173-R

ABDALLA EL BANNAN,
Ancillary Administrator of the
Estate of Nadia Shaheen, deceased                                                                PLAINTIFF

v.

BURGESS HARRISON YONTS, et. al.,                                                            DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on Defendants Trevor B. Young ("Young") and Ryan M. Seiber's ("Seiber") Joint Motion to Dismiss (Docket #103). The Plaintiff, Abdalla El Bannan ("El Bannan") has responded to their motion (Docket #127) and the Defendants have replied to that response (Docket #151). Defendant Benjamin J. Lemond ("Lemond") has joined the Defendants' motion pursuant to FRCP 10(c), and has also filed a motion to dismiss (Docket #154). The Plaintiff has responded to that motion (Docket #164), and Lemond has replied to that response (Docket #167). In addition, Defendants Michael H. Dennis ("Dennis") and Brian T. Rothe ("Rothe") have filed a joint motion to dismiss (Docket #155), making similar arguments as Young, Seiber and Lemond as to why the Plaintiff's complaint fails as a matter of law. The Plaintiff has responded to Dennis and Rothe's motion (Docket #163) and the Defendants have replied to that response (Docket #168). These matters are now ripe for adjudication. For the following reasons, the Defendants' motions to dismiss are **DENIED**.

**BACKGROUND**

This case concerns the death of Nadia Shaheen ("Shaheen"), the mother of the Plaintiff, Abdalla El Bannan, who is the administrator of Shaheen's estate. In the early hours of November 11, 2005, Defendant Burgess Harrison Yonts' ("Yonts") car struck Shaheen, causing

her death. Prior to the accident, the Plaintiff contends that Yonts had consumed alcohol at Nick's Family Sports Pub and at the Lambda Chi Alpha Fraternity House on the campus of Murray State University, and that Yonts was legally intoxicated when his car struck Shaheen. The Defendants in this matter were members of the Lambda Chi Alpha fraternity at the time of the accident.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

In their motions, the Defendants contend that the Plaintiff's complaint does not sufficiently allege that the Defendants had control of Yonts at the time of the accident and/or a

special relationship existed between Young, Seiber, Lemond, Dennis or Rothe and Defendant Yonts to make any of them vicariously liable to the Plaintiff for Yonts' actions. The Defendants have cited cases that recognize vicarious and/or social host liability to third parties in a social host setting only when a special relationship exists between a tortfeasor and a defendant. *See Grayson Fraternal Order of Eagles, Inc. v. Claywell*, 736 S.W.2d 328, 332-35 (Ky. 1987); *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 849-853 (Ky. 2005). In addition, Defendant Lemond asserts that because he was only a "pledge" of the fraternity at the time of the death, he was not a member of Lambda Chi Alpha for purposes of vicarious and/or social host liability.

In his responses, El Bannan argues that at this juncture the Plaintiff does not need to allege a specific relationship between each individual Defendant and Yonts in order to sufficiently bring a complaint against the Defendants because Kentucky recognizes social host liability of individual members of unincorporated associations. *See Estate of Vosnick v. RRJC, Inc.*, 225 F. Supp.2d 737, 742 (E.D. Ky. 2002). Therefore, the Plaintiff asserts that the specific relationships that existed between Yonts and the Defendants, if any, may be determined during the course of discovery because the facts concerning the relationships between the parties, and not the law, are in dispute. Further, the Plaintiff contends that under the by-laws of Lambda Chi Alpha, a pledge is a member of the fraternity.

At this time, the Court cannot state with certainty whether or not a special relationship existed between Young, Seiber, Lemond, Dennis or Rothe and Defendant Yonts for purposes of determining social host and/or vicarious liability. In addition, the Court does not know enough about the status and workings of the fraternity to determine whether or not a pledge is a member

for liability purposes or if a relationship between a pledge and Yonts exisited.  Accordingly, the Courts agrees with the Plaintiff that these issues will become more clear after discovery takes place.

## CONCLUSION

**IT IS SO ORDERED:**

The Defendants' Motions to Dismiss (Dockets #103, 154 & 155) are **DENIED**.