UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-cv-173-R

ABDALLA EL BANNAN,
Ancillary Administrator of the
Estate of Nadia Shaheen, deceased                                                           PLAINTIFF

v.

BURGESS HARRISON YONTS, et. al.,                                                        DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on Defendant Scott J. Ellison's ("Ellison") Motion to Dismiss (Docket #172). The Plaintiff, Abdalla El Bannan ("El Bannan") has not responded to that motion, however, Ellison has joined, pursuant to FRCP 10(c), a similar Motion to Dismiss that the Court denied on February 14, 2007 (Docket #190). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

This case concerns the death of Nadia Shaheen ("Shaheen"), the mother of the Plaintiff, Abdalla El Bannan, who is the administrator of Shaheen's estate. In the early hours of November 11, 2005, Defendant Burgess Harrison Yonts' ("Yonts") car struck Shaheen, causing her death. Prior to the accident, the Plaintiff contends that Yonts had consumed alcohol at Nick's Family Sports Pub and at the Lambda Chi Alpha Fraternity House on the campus of Murray State University, and that Yonts was legally intoxicated when his car struck Shaheen. The Defendant in this matter was a member of the Lambda Chi Alpha fraternity at the time of the accident.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

At this time, the Court, as illustrated in its February 14, 2007 order and opinion, cannot state with certainty whether or not a special relationship existed between Ellison and Defendant Yonts for purposes of determining social host and/or vicarious liability. These issues will become more clear after discovery takes place.

## CONCLUSION

**IT IS SO ORDERED:**

The Defendant's Motions to Dismiss (Dockets #172) is **DENIED**.