UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-cv-173-R

ABDALLA EL BANNAN,
Ancillary Administrator of the
Estate of Nadia Shaheen, deceased                                                               PLAINTIFF

v.

BURGESS HARRISON YONTS, et. al.,                                                         DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on Defendant Bobby D. Potts' ("Potts") Motion to Consolidate the cases of *Abdalla El Bannan v. Burgess Harrison Yonts, et. al.*, (Case No. 5:06cv-173-R)("underlying action") and *Liberty Corporate Capital Ltd. v. Abdalla El Bannan, et. al.* (Case No. 5:06cv-215-R)("coverage action") (Docket #303).  The Plaintiff in case number 5:06cv-215-R, Liberty Corporate Capital, LTD ("Liberty"), has responded in opposition to the motion (Docket #316), and Defendants Lambda Chi Alpha, Inc. ("Lambda Chi National") and Lambda Chi Alpha House Corporation of Murray State University ("Lambda Chi Local") have also responded in opposition to Potts' motion (Docket #324).  This matter is now ripe for adjudication.  For the following reasons, Defendant Potts' Motion to Consolidate is **GRANTED**.

**PROCEDURAL HISTORY**

On October 17, 2006, Plaintiff Abdalla El Bannan, as the administrator of the estate of the deceased, Nadia Shaheen, filed a complaint in the United States District Court for the Western District of Kentucky based on the November 11, 2005 car accident in which a car driven by Defendant Burgess Harrison Yonts struck and killed Nadia Shaheen.  Liberty provides general liability insurance to Lambda Chi National in that matter.  On December 20, 2006, Liberty filed a declaratory judgment in the United States District Court for the Western District

of Kentucky to determine whether Liberty owes a duty to defend Lambda Chi Local in the underlying litigation filed in October 2006. Potts has filed this motion requesting that the two (2) cases be consolidated.

## STANDARD

"Rule 42(a) of the Federal Rules of Civil Procedure permits actions involving common questions of law or fact to be consolidated for the economy and convenience of the court and of the parties. 'Cases consolidated under Rule 42(a), however, retain their separate identity,' and 'it is the district court's responsibility to ensure that parties are not prejudiced by consolidation.' *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 412-13 (6th Cir.1998)...[W]hen the scope of consolidation is broad and the issues and parties are virtually identical, more leniency is permitted in treating the cases as one. *See Advey v. Celotex Corporation*, 962 F.2d 1177, 1181 (6th Cir.1992)." *Tri-Med Finance Co. v. National Century Financial Enterprises, Inc.*, 208 F.3d 215, *8 (6th Cir. 2000).

"Cases should be consolidated if the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources....' *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985) (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), *cert. denied*, 464 U.S. 1040 (1984)). The trial court's discretion in deciding whether to consolidate actions will be upheld unless it constitutes a 'clear abuse of discretion.' *Hendrix*, 776 F.2d at 1495; *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir.1965)." *Carpenter v. GAF Corp.*, 16 F.3d 1218, *1 (6th Cir.1994).

## DISCUSSION

In the instant matter, the facts between the underlying action and coverage action arise from the same incident that took place on November 11, 2005. Although the legal issues are different in each case, for purposes of judicial economy during discovery, the Court shall consolidate these cases. Further, there are many common factual issues that will be relevant and possibly determinative to the issue of coverage. As such, the cases are consolidated for purposes of discovery. However, the actions are bifurcated for the purpose of trial. The bifurcation eliminates any issue of prejudice. The consolidation furthers judicial economy.

## CONCLUSION

**IT IS SO ORDERED:**

Defendant Potts' Motion to Consolidate (Docket #303) is **GRANTED**.