UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:06-CV-00173-TBR

JOSEPH SHAHEEN,
Ancillary Administrator of the Estate
of NADIA SHAHEEN, deceased                                                          PLAINTIFF

v.

BURGESS HARRISON YONTS, et al.                                                   DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court upon Defendant Skylar Pharris's Motion for Finality of Judgment (Docket #596). Intervening Plaintiff Allstate Indemnity Company has responded (Docket #601). Defendant Ryan K. Houston has responded (Docket #604). Defendant Ross D. Callahan has responded (Docket #605). Plaintiff Joseph Shaheen has objected (Docket #602). Defendant Skylar Pharris has replied (Docket #603). This matter is now ripe for adjudication.

In its March 3, 2008 Order, the Court granted summary judgment in favor of sixty-two individual fraternity member Defendants, dismissing all the claims against them. Defendant Skylar Pharris now moves the Court to certify its March 3, 2008 Order final and appealable pursuant to Federal Rule of Civil Procedure 54(b). Intervening Plaintiff Allstate Indemnity Company and Defendants Ryan K. Houston and Ross D. Callahan adopt Defendant Pharris's motion. Plaintiff Joseph Shaheen has voluntarily withdrawn his objection.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Fed. R. Civ. Pro. 54(b). "The determination of whether to allow for an appeal pursuant to Rule 54(b) is a matter left to the sound discretion of the district court." *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003).

Defendant Pharris argues that until the Court's March 3, 2008 Order is made final and appealable, all sixty-two Defendants must retain counsel and face the prolonged uncertainty of whether Plaintiff will file an appeal in this case. Intervening Plaintiff Allstate adds that any appellate review resulting from an entry of final judgment would not involve overlapping issues as the claims against the sixty-two individual Defendants have no relation to the remaining Defendants.

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The case before the Court is complex. It involves multiple causes of action against numerous defendants. In total, only three of sixty-two individual Defendants have moved for entry of a final and appealable judgment. Although Defendant Pharris's motion is unopposed, the Court finds that there are just reasons for delay. Accordingly, the Court declines to exercise its discretion to enter a final judgment at this time.

The Court being duly and sufficiently advised, Defendant Skylar Pharris's Motion for Finality of Judgment is **DENIED**.